**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
Gustavo Ponce, Esq. (SBN: 343430)
gustavo@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**ASSASSI & CRUZ LAW FIRM. PC**
Adib Assassi, Esq. (SBN: 301036)
adib@aclegalteam.com
Veronica Cruz, Esq. (SBN: 318648)
veronica@aclegalteam.com
1100 W. Town & Country Road, Suite 1250
Orange, CA 92868
Telephone: (800) 500-0301
Facsimile:  (800) 500-0301

*Attorneys for Plaintiff,*
Ivo Kolar

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVO KOLAR, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>  vs.<br><br>NESPRESSO USA, INC.,<br><br>           Defendant. | Case No.:<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF:<br><br>1) THE SONG BEVERLY CONSUMER WARRANTY ACT.; AND<br>2) CALIFORNIA'S UNFAIR COMPETITION LAW, BUS. & PROF. CODE §§ 17200 ET SEQ.<br><br>**JURY TRIAL DEMANDED** |

- 1 -

CLASS ACTION COMPLAINT

**INTRODUCTION**

1. Plaintiff Ivo Kolar ("Plaintiff"), on behalf of himself and others similarly situated, brings this class action suit against Nespresso USA, Inc. ("Defendant") for violations of California's Song Beverly Consumer Warranty Act ("SBA"), *California Civil Code* §§ 1790, *et seq.*; and California's Unfair Competition Law ("UCL"), *California Business and Professions Code* §§ 17200, *et seq.*

**SUMMARY**

2. Defendant is a manufacturer of consumer goods, and such goods are advertised and accompanied by Defendant's express warranty.

3. The SBA explicitly requires that "[a] manufacturer, distributor, or retail seller shall not make an express warranty with respect to a consumer good that commences earlier than the date of delivery of the good. This section does not limit an express warranty made before July 1, 2023." *California Civil Code* § 1793.01.

4. However, Defendant commences its express warranties on the date of purchase, not on the date of delivery, as required by the SBA.

5. As a result of Defendant's unlawful and deceitful business practices, consumers who receive their goods after the date of purchase, such as those consumers who buy goods online, do not receive the full benefit of their warranty. In such instances, these consumers' product warranties are reduced, or cut short, by the number of days that passed from the date of purchase to the date of delivery.

6. Defendant intentionally commences its product warranties on the date of purchase to shortchange consumers the full value of their warranties and thereby reduce the number warranty claims that Defendant must address. Additionally, Defendant also benefits by saving itself the added time and expense that would be required to properly track and administer its warranties were they to commence on the date of delivery. Ultimately, Defendant benefits at the consumers' expense.

7. Defendant's unlawful and deceptive practices alleged herein violate the SBA and the UCL.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, an individual residing in the County of Los Angeles, California.

9. Plaintiff is a purchaser of Defendant's Nespresso VertuoPlus Coffee and Espresso Machine (the "Product").

10. Upon information and belief, Defendant is a Delaware Corporation with a principal place of business in New York, New York, that does continuous and substantial business throughout the state of California.

11. At all relevant times, Defendant was engaged in the business of marketing, supplying, and selling its products, including the Product purchased by Plaintiff, to the public directly, and through a system of marketers, retailers and distributors.

12. All acts of employees of Defendant as alleged were authorized or ratified by an officer, director, or managing agent of the employer.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005. Subject matter jurisdiction is proper because: (1) the amount in controversy in this class action exceeds five million dollars ($5,000,000), excluding interest and costs; (2) there are more than 100 Class members; (3) at least one member of the Class is diverse from the Defendant; and (4) Defendant is not a government entity.

14. This Court has personal jurisdiction over Defendant because Defendant conducts business in the County of Los Angeles, State of California; and, Plaintiff was injured in the County of Los Angeles, where Plaintiff resides.

15. This Court is the proper venue for this case pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part events and injury giving rise to Plaintiff's claims

CLASS ACTION COMPLAINT

occurred in or originated from this District.

**FACTUAL ALLEGATIONS**

16. On November 24, 2023, Plaintiff purchased Defendant's Product online from Amazon.com for $139.30 to be delivered to his home in Los Angeles, California.

17. The Product was not delivered to Plaintiff until at least November 25, 2023.

18. The Product's express limited warranty states: "Nespresso guarantees this product against defects in materials and workmanship for a period of one year. The guarantee period begins *on the date of purchase* and Nespresso requires presentation of the original proof of purchase to ascertain the date." (*emphasis* added).

19. Upon information and belief, Defendant has a uniform warranty policy where warranties are all commenced on the date of purchase, rather than the date of delivery or receipt of the Product.

20. Upon information and belief, Defendant does this in order to reduce the effective warranty periods for all purchasers who receive delivery of their products later than the date of purchase, and short-change them the full length and value of their warranties as permitted by the law.

21. Upon information and belief, this practice also saves Defendant time and expense of warranty administration, because Defendant does not need to log and track product delivery dates in order to commence warranty start dates.

22. Upon information and belief, this practice also benefits Defendant, because it creates a chilling effect which prevents consumers who would otherwise have valid warranty claims from not pursuing or submitting them because they are led to believe, or told, their warranty began on the date of purchase.

23. As a result of the above, Plaintiff has not received the full value of the Product that Plaintiff bargained for.

## CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

25. Plaintiff represents and is a member of the Class, defined as:

> All persons within California who purchased one or more of Defendant's Products between July 1, 2023 through the date of class certification, whose Product(s) were delivered to them after the date of purchase.

26. Plaintiff also represents and is a member of the Express Warranty Subclass, defined as:

> All persons within California who purchased one or more of Defendant's Products between July 1, 2023 through the date of class certification, which were accompanied by an express warranty that commenced on the date of purchase and not the date of delivery.

27. The above-defined Class and Express Warranty Subclass are together referred to herein as the "Class."

28. Defendant's Products that fall within the above Class definition are referred to herein as the "Class Products."

29. Defendant and its employees or agents are excluded from the Class.

30. Plaintiff does not presently know the number of members in the Class, but believes the Class members number in the several thousands, if not substantially more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

31. Plaintiff and members of the Class were harmed by the acts of Defendant in violating Plaintiff's and the putative Class members' rights.

32. Plaintiff reserves the right to expand the class definition to seek recovery on behalf of additional persons as warranted, as facts are learned through further investigation and discovery.

33. The joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and

to the court.

34. The Class can be identified through Defendant's records, Defendant's agents' records, and/or records of the retailers and distributors from which the products were purchased.

35. There is a well-defined community of interest in the questions of law and fact to the Class that predominate over questions which may affect individual Class members, including the following:

    a. Whether the Class Products were sold with express warranties;

    b. Whether the Class Products were sold with warranties that commenced on the date of purchase and not the date of delivery;

    c. Whether the Class Products make warranty rights contingent on registration;

    d. Whether Defendant intends for its warranty language to act as a barrier for valid warranty claims;

    e. Whether Defendant intents to save administrative time and expense by having Class Products' warranties commence on the date of purchase, rather than the date of delivery;

    f. Whether Defendant violated the SBA by having Class Products' warranties commence on the date of purchase, rather than the date of delivery;

    g. Whether Defendant violated the UCL by having Class Products' warranties commence on the date of purchase, rather than the date of delivery;

    h. Whether Defendant is liable for damages, and the amount of such damages; and

    i. Whether Class members are entitled to equitable relief including injunctive relief.

36. Plaintiff's claims are typical of the claims of the Class since Plaintiff purchased

a Class Product, as did each member of the Class, and it is believed the Defendant has a uniform practice of commencing all warranties on the date of product purchase.

37. Plaintiff and all Class members sustained injuries arising out of Defendant's wrongful conduct.

38. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent Class members.

39. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

40. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.

41. Plaintiff has retained counsel experienced in handling class action claims and individual claims involving breach of warranties and unlawful business practices.

42. A class action is a superior method for the fair and efficient adjudication of this controversy. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case.

43. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court. Upon information and belief,

members of the Class can be readily identified and notified based on, inter alia, Defendant's own records, product serial numbers, submitted warranty claims and product registrations, and database of complaints.

44. Defendant has acted, and continues to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

# CAUSES OF ACTION

# FIRST CAUSE OF ACTION

# VIOLATION OF CALIFORNIA'S SONG-BEVERLY CONSUMER WARRANTY ACT

45. Plaintiff incorporates all of the above paragraphs of this Complaint as though fully stated in this cause of action.

46. The Product and Class Products are "consumer goods" as defined by *California Civil Code* § 1791(a).

47. Plaintiff and Class members are "buyers" as defined by *California Civil Code* § 1791(b).

48. "A manufacturer, distributor, or retail seller shall not make an express warranty with respect to a consumer good that commences earlier than the date of delivery of the good. This section does not limit an express warranty made before July 1, 2023." *California Civil Code* § 1793.01.

49. Pursuant to Defendant's warranty, Defendant commences its express warranties on the date of purchase, not on the date of delivery.

50. By commencing Plaintiff's and Class members' product warranties and the date of purchase, and not the date of delivery, Defendant is in violation of its affirmative obligations under the SBA.

51. Defendant values its ability to commence its express warranties earlier than required by the law, and as such, Defendant received, and continues to receive, a benefit at the expense of Plaintiff and Class members.

52. Plaintiff and Class Members have been damaged by not receiving the full value of the warranties they are entitled to under the law. Specifically, their warranties have been cut-short by the number days that elapsed between the date of purchase and date of delivery of their products. Thus, Plaintiff and Class members have lost a pro-rata portion of the value of their warranties.

53. Had Plaintiff and Class members been aware the Defendant's warranty practices did not comply with the law, they would not have purchased their products, or would have paid less from them. The premium paid is a benefit received by Defendant and should be returned to Plaintiff.

54. Defendant benefits, at Plaintiff's and Class members' expense, from this practice as Defendant's costs for tracking, administering, and repairing products under warranty, are reduced.

55. Class members who did have valid warranty claims but rightfully believed, or were told, they fell outside their warranty period, have also been by not having their products repaired and remain defective.

56. Plaintiff and Class members are entitled to damages, including reimbursement of the purchase price of the Class Products, under *California Civil Code* §1794(a) and §1794(b).

57. In addition to the other amounts recovered, Plaintiffs and others similarly situated are entitled to a civil penalty of two-times the amount of actual damages, pursuant to *California Civil Code* §1794(c).

58. Plaintiff and Class members are further entitled to recover as part of the judgment a sum equal to the aggregate amount of costs and litigation related expenses, including but not limited to attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action under *California Civil Code* § 1794(d).

# SECOND CAUSE OF ACTION

# VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW

59. Plaintiff incorporates all of the above paragraphs of this Complaint as though fully stated in this cause of action.

60. The UCL defines "unfair business competition" to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. *California Business and Professions Code* § 17200.

61. The UCL imposes strict liability. Plaintiff need not prove that Defendant intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices – but only that such practices occurred.

### *"Unfair" Prong*

62. A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications and motives of the practice against the gravity of the harm to the alleged victims.

63. Defendant's actions constitute "unfair" business practices because, as alleged above, Defendant engaged in practice of intentionally designing its warranties to not comport with the law.

64. This is done to cut short and reduce the usable length of consumers' warranties, which only benefits Defendant. Consumers pay for the full value of a warranty that comports with the law, but receive a warranty of shorter duration warranty than they are legally entitled to receive. Defendant also saves money in logging, tracking, and administering warranties and warranty claims, which further increases Defendant's profit margin.

65. Defendant's acts and practices offend an established public policy of transparency in warranty rights, and Defendant engages in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to

consumers.

66. The harm to Plaintiff and Class members grossly outweighs the utility of Defendant's practices as there is no utility to Defendant's practices for consumers.

### *"Unlawful" Prong*

67. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

68. Defendant's acts and practices alleged above constitute unlawful business acts or practices as they have violated the plain language of the SBA as described in Plaintiff's First Cause of Action above.

69. The violation of any law constitutes an "unlawful" business practice under the UCL.

70. These acts and practices alleged were intended to or did result in violations of the SBA.

71. Defendant's practices, as set forth above, have misled Plaintiff, the Class members, and the public in the past and will continue to mislead in the future. Consequently, Defendant's practices constitute an unlawful, fraudulent, and unfair business practice within the meaning of the UCL.

72. Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief and order Defendant to cease this unfair competition, as well as disgorgement and restitution to Plaintiff and the Class of all Defendant's revenues associated with its unfair competition, or such portion of those revenues as the Court may find equitable.

//
//
//
//
//

# PRAYER FOR RELIEF

Plaintiff prays that judgment be entered against Defendant as follows:

- That this action be certified as a class action;
- That Plaintiff be appointed as the Class Representative;
- That Plaintiff's attorneys be appointed Class Counsel;
- For an order declaring Defendant's conduct to be unlawful;
- For an order compelling Defendant to make restitution to Plaintiff and Class members under the SBA in an amount equal to the total amounts paid and payable for the Class Products;
- For actual damages;
- For a civil penalty of two-times actual damages;
- For punitive damages;
- For pre and post -judgment interest at the legal rate;
- For injunctive and other equitable relief as necessary to protect the interests of Plaintiff and other Class members, and an order prohibiting Defendant from engaging in the unlawful, unfair, deceptive and fraudulent acts described above;
- For an order that Defendant engage in a corrective campaign to ensure its warranties comport with the SBA;
- For an order of restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class members as a result of its unlawful, unfair, and fraudulent business practices;
- For attorney's fees, costs of suit, and out of pocket expenses; and
- For such other and further relief that the Court deems proper.

//
//
//
//

**TRIAL BY JURY**

73. Pursuant to Article I Section 16 of the Constitution of the State of California, Plaintiffs are entitled to, and demand a trial by jury.

Dated: December 31, 2024               Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:   */s/ Abbas Kazerounian*
     Abbas Kazerounian, Esq.
     David J. McGlothlin, Esq.
     Mona Amini, Esq.
     Gustavo Ponce, Esq.
     *Attorneys for Plaintiff*